UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY D. STREETS,

        Petitioner,                  Case No. 2:16-cv-12889

v.                                     HONORABLE PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

GEORGE STEPHENSON,

        Respondent.
_____/

## OPINION AND ORDER

### (1) DENYING PETITIONER'S MOTION TO CORRECT STATE COURT RECORD [11]; AND

### (2) DENYING PETITIONER'S MOTION FOR DISCOVERY [12]

Petitioner Tony D. Streets, a state prisoner currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for two counts of first-degree criminal sexual conduct involving a person under thirteen. Respondent, through the Attorney General's Office, filed a response in opposition, and Petitioner filed a reply. On the same day Petitioner filed his reply, he filed the instant motions, seeking a correction of the state court record and limited discovery. For the reasons that follow, Petitioner's motions are **DENIED**.

### I. Motion to Correct the State Court Record [11]

Pursuant to 28 U.S.C. §2254, "a determination of a factual issue made by a State court shall be presumed to be correct," unless the petitioner rebuts the presumption of

correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Here, Petitioner asks the Court to correct the Michigan Court of Appeals' summary of facts, asserting that the court misstated the events leading to his conviction. He cites to testimony from the trial court transcripts to support his argument, and contends that this is sufficient evidence to rebut the presumption that the factual determinations made by the Court of Appeals were correct.

Petitioner's argument is nearly identical to his reply brief. (See ECF No. 10 at 1-2.) The Court will address this argument when ruling on his pending petition for writ of habeas corpus. If it is compelling, the Court is entitled to take several actions, including holding an evidentiary hearing. Rule 8, 28 U.S.C. foll. § 2254. However, at this point in the proceedings, Petitioner's duplicative motion is **DENIED** without prejudice as premature.

## II. Motion for Limited Discovery [12]

Petitioner asserts that he is entitled to limited discovery to obtain documents proving his actual innocence, specifically GPS tracking data from his ankle monitor during the relevant period. He contends that the GPS data will prove that he was not at the locations on the dates on which the charged acts occurred. The trial court addressed this issue in ruling on Petitioner's motion for relief from judgment, stating in pertinent part:

> Turning first to trial counsel's alleged failure to conduct a thorough investigation to develop alibis, the Information filed September 2, 2011 stated only that the charged acts occurred sometime between December 29, 2010 and May 4, 2011. The victim's trial testimony established that

2

> multiple incidents occurred at "Donna's house" and one took place in the Duthler Foods parking lot, but did not identify either the specific dates or time of day on which the claimed sexual assaults occurred. [Trial Tr, Vol II, pp 24-32]. "Time is not of the essence, nor is it a material element, in criminal sexual conduct cases involving a child victim." *People v Dobek*, 274 Mich App 58, 83; 732 NW2d 546 (2007). The jury was correctly instructed that the elements of first degree criminal sexual conduct at issue required a determination that the defendant engaged in a sexual act that involved penetration with the victim between December 29, 2010 and May 4, 2011 and that the victim was under 13 years of age when the act occurred. None of the possible alibis suggested by defendant would have covered the entire identified period; accordingly, attempting to develop an alibi would have been pointless.

(ECF No. 9-20 at 3.)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides that a district court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a). Rule 7 of the Rules Governing Section 2254 Cases permits a court to allow the parties to expand the record by "submitting additional materials relating to the petition." The decision whether to allow expansion of the record under Rule 7 is left to the discretion of the district court. *Landrum v. Mitchell*, 625 F.3d 905, 923 (6th Cir. 2010). But when a petitioner seeks habeas relief on a claim that has been "adjudicated on the merits in state court proceedings," 28 U.S.C. § 2254(d)(1), federal court review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). Petitioner's claims were adjudicated on the merits in state court. The Court's review is, therefore, limited to

the record before it.  Moreover, Petitioner has not established good cause for the discovery, as the GPS data would not prove his actual innocence for the entire period between December 29, 2010 and May 4, 2011.  The requested discovery would be, in the words of the trial court, pointless.  The motion is therefore **DENIED**.

**SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: January 29, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2018.

s/D. Tofil
Deborah Tofil, Case Manager