# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TONY DEVERN STREETS,

      Petitioner,

v.

WILLIS CHAPMAN[1]

      Respondent.

_____/

CASE NO. 2:16-12889
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING (1) THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS*

Tony Streets, ("petitioner"), incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for four counts of first-degree criminal sexual conduct, M.C.L.A. § 750.520b(1)(a). Petitioner was sentenced to life in prison without parole, for being a habitual sex offender, in violation of M.C.L.A. § 750.520b(2)(c). For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

_____

[1]The Court amends the caption to reflect the current warden.

1

## I. BACKGROUND

Petitioner was charged in two separate cases that were consolidated for one trial. Petitioner was convicted following a jury trial in the Kent County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions stemmed from sexual assaults perpetrated against his daughter. The victim was 12 years old at the time of the assaults. Defendant forced the victim to perform fellatio on him in a van in a grocery-store parking lot on two occasions. He also engaged the victim in penile-vaginal penetration and forced her to perform fellatio on him at a home belonging to his girlfriend.

*People v. Streets*, No. 309672, 2013 WL 951285, p. 1 (Mich. Ct. App. Feb. 26, 2013).

The conviction was affirmed on appeal. *Id., lv. den.* 494 Mich. 884, 834 N.W.2d 479 (2013); *reconsideration den.* 495 Mich. 904, 839 N.W.2d 463 (2013).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Streets,* No. 11-08035-FC, 11-08254-FC (Kent. Cty. Cir. Ct., Aug. 21, 2014). The Michigan appellate courts denied petitioner leave to appeal. *People v. Streets,* No. 326161 (Mich. Ct. App. May 12, 2015); *lv. den.* 499 Mich. 868, 874 N.W.2d 702 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.   Petitioner's constitutional rights to a speedy trial and to the effective assistance of counsel was violated when the court fail [sic] to bring his case to trial within 180 days of the statutory notice by the DOC and did not vacate his convictions.

II.  Petitioner's constitutional right to due process was violated when the trial court denied him a fair trial by admitting the evidence of prior bad acts under MCL 768.27.

III. Petitioner's constitutional rights to due process and the effective assistance of counsel was violated when the courts [sic] introduced unscientific "statistics" of guilt submitted without a proper foundation, and the trial defense counsel opened the door to the testimony or failing to object which allowed the purported "statistics" to undermine the most basic concepts regarding the burden of proof and standard of proof.

IV. Petitioner's constitutional right to probable cause was violated where the 61st Judicial Court, nor the 17th Judicial Circuit Court for the County of Kent had subject matter jurisdiction to proceed lawfully in the court of law, where the warrant was invalid.

V.   Petitioner's constitutional right to due process was violated when the court unreasonably failed to address the claim of "actual innocence," which would be clear manifest of injustice pursuant to the provision contained under MCL 770.1.

VI. Petitioner's constitutional right to due process was violated when the prosecuting attorney intentionally allowed statements that he knew to be false from the complaint to be used in an affidavit for probable cause and presented to the 61st Judicial District Court magistrate in order to obtain the arrest warrant used against him, fail to bring petitioner's case to trial with 180 days, introducing the evidence of prior bad acts under MCL 768.27, and introduced the unscientific "statistics" of guilt submitted without a proper foundation.

VII. Petitioner's constitutional right to due process and the effective assistance of both trial and appellate counsels were violated when the warrant is spoken in conclusory language divesting the 61st Judicial District and 17th Judicial Circuit Court's for the County of Kent of subject-matter jurisdiction and all proceedings thereafter was and is now void ab initio from there [sic] inception, where appellate counsels [sic] ineffectiveness clearly failed to properly review his entire court file and properly raise issues that were more meritorious.

VIII. Petitioner's constitutional right to due process was violated when the court denied the petitioner's motion for relief from judgment based upon a misapplication of law that was clearly erroneous and unreasonable finding of fact in violation of MCR 6.508(D)(3).

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that

fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III. DISCUSSION

### A. Claim # 1. The 180 day rule/speedy trial claim.

Petitioner contends that his right to a speedy trial was violated by failure to bring his case to trial within 180 days, as set forth in M.C.L.A. § 780.131(1).

Petitioner is not entitled to habeas relief on his claim that he was deprived of his right to a speedy trial by failure to comply with Michigan's 180 day rule as set forth in M.C.L.A. § 780.131(1) because it is a state law claim. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004). A violation of a state speedy trial law by state officials, by itself, does not present a cognizable federal claim that is reviewable in a habeas petition. *Burns,* 328 F. Supp. 2d at 722 (citing *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *Wells v. Petsock*, 941 F.2d 253, 256 (3rd Cir. 1991)). Petitioner's allegation that the State of Michigan violated its own 180 day rule would therefore not entitle him to habeas relief. *Id.*

Petitioner is also not entitled to relief on any speedy trial claim.[2]

_____

[2] Respondent argues that this portion of petitioner's claim is procedurally defaulted because he never raised a federal speedy trial claim in the state courts and no longer has a remedy with which to do so. Procedural default is not a jurisdictional bar to review of a claim within a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). "[F]ederal courts are not required to address

The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. U.S. Const. Amend. VI. To determine whether a speedy trial violation has occurred, the court must consider the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The length of delay is a "triggering factor" because "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530. Therefore, to trigger a speedy trial analysis, the accused must allege that the interval between the accusation and the trial has crossed the threshold dividing an ordinary from presumptively prejudicial delay. *Doggett v. United States,* 505 U.S. 647, 651-52

---

a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Likewise, a habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002). Because petitioner's speedy trial claim is without merit, it is easier for the Court to address the claim on the merits. The Court likewise addresses the merits of several of petitioner's other procedurally defaulted claims because it is easier to do so.

(1992). Courts have generally found postaccusation delays that approach one year to be "presumptively prejudicial." *Id.* 505 U.S. at 652, n. 1; *United States v. Brown,* 90 F. Supp. 2d 841, 846 (E.D. Mich. 2000).

The warrant in Case No. 11-08254-FC was authorized on July 26, 2011, and the warrant in Case No. 11-08035-FC was authorized the following day.[3] It is unclear whether petitioner was ever arraigned in the district court on either warrant. The trial in both cases commenced on February 13, 2012.

The Supreme Court noted that it is "[e]ither a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v. Marion,* 404 U.S. 307, 320 (1971). Petitioner's right to a speedy trial began accruing on the dates that the arrest warrants were issued. *See e.g. United States v. Louzon*, 392 F. Supp. 1220, 1225-26 (E.D. Mich. 1975).

There was only a seven month delay between the issuance of the warrants in this case and trial, which is not presumptively prejudicial. *See United States v. Gardner,* 488 F.3d 700, 719 (6th Cir. 2007)(nine month delay between indictment and trial not presumptively prejudicial). Because petitioner has failed to establish

---

[3] *See* ECF 10, Pg ID 780-81, 857-59.

that his seven month delay was presumptively prejudicial, it would be unnecessary for this Court to inquire into the other *Barker* factors. *Id.* Petitioner is not entitled to habeas relief because the seven month delay between the issuance of the arrest warrants and his trial is not presumptively prejudicial. *See Wilson v. Mitchell,* 61 F. App'x 944, 946 (6th Cir. 2003).

**B. Claim # 2. The prior bad acts evidence claim.**

Petitioner next argues that his due process rights were violated by the admission of petitioner's prior sexual assaults against other victims at his trial.

The testimony of the prior victims was admitted pursuant to M.C.L.A. § 768.27a, which provides in relevant part that if "the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Under M.C.L.A. § 768.27a(2)(a), "listed offense" is defined as any offense that comes within the purview of the offenses covered under Section 2 of the Sex Offenders Registration Act. See M.C.L.A. § 28.722. M.C.L.A. § 768.27a is similar to F.R.E. 414(a), which indicates that "[I]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is

relevant."

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *See Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the state court violated M.R.E. 404(b) or any other provision of state law by admitting evidence of his prior sexual assaults against other minor victims is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to

habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). Moreover, in light of the fact that evidence regarding petitioner's prior sexual assaults would have been admissible against him in a federal trial under F.R.E. 414, this Court certainly cannot find that the admission of this evidence at petitioner's state court trial "was patently unfair, contradicted governing Supreme Court precedent, or resulted in an incorrect and unreasonable application of federal law." *Love v. Carter*, 49 F. App'x 6, 12 (6th Cir. 2002). Petitioner is not entitled to habeas relief on his second claim.

### C. Claim # 3. The statistical evidence claim.

Petitioner alleges that he was denied a fair trial because the prosecution elicited prejudicial statistical evidence from Thomas Cottrell. Cottrell testified as an expert witness on the subject of sexual-abuse disclosure by children. Cottrell testified that he had treated around 400 children who reported sexual abuse and that only two of these children made false reports of sexual abuse.

A federal district court cannot grant habeas relief on the admission of an expert witness' testimony in the absence of Supreme Court precedent which shows that the admission of that expert witness' testimony on a particular subject

violates the federal constitution. *See Wilson v. Parker*, 515 F.3d 682, 705-06 (6th

Cir. 2008). The admission of expert testimony in a state trial presents a question

of state law which does not warrant federal habeas relief, unless the evidence

violates due process or some other federal constitutional right. *See Keller v.*

*Larkins*, 251 F.3d 408, 419 (3rd Cir. 2001). Petitioner asserts he was denied a fair

trial when the trial court erroneously admitted prejudicial statistical evidence from

Thomas Cottrell. Cottrell testified that of the 400 children he had treated for

sexual abuse, only two of these children made false reports of sexual abuse.

The Michigan Court of Appeals reviewed this claim for plain error affecting

substantial rights. Without deciding whether Cottrell's testimony was erroneously

admitted, the Michigan Court of Appeals declined to grant relief to defendant

under the plain-error standard of review because petitioner could not demonstrate

prejudice. The Michigan Court of Appeals reasonably found:

> The evidence against defendant in this case was strong. The victim
> testified regarding several instances of sexual assault; her testimony
> alone was enough to establish defendant's guilt. MCL 750.520h.
> Additionally, the testimony of T.V. and K.V. was highly probative of
> defendant's guilt, as discussed earlier. Further, the prejudicial effect,
> if any, of Cottrell's testimony was alleviated by the trial court's
> instructions, because the trial court instructed the jury that Cottrell's
> testimony "cannot be used to show that the crime or crimes charged
> here were committed or that the defendant committed them. Nor can
> it be considered an opinion by Thomas W. Cottrell that [the victim] is
> telling the truth." This instruction helped to ensure that the jury did

not use Cottrell's testimony for an improper purpose. *See People v. Peterson*, 450 Mich. 349, 378, 537 N.W.2d 857 (1995), amended in part on other grounds 450 Mich. 1212, 548 N.W.2d 625 (1995). Jurors are presumed to follow their instructions and most errors are presumed to be cured by appropriate instructions. *People v. Bauder*, 269 Mich.App. 174, 195, 712 N.W.2d 506 (2005).

*People v. Streets*, 2013 WL 951285, p. 4.

Unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional violation. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Coy v. Renico*, 414 F. Supp. 2d 744, 756 (E.D. Mich. 2006). As the Sixth Circuit noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994).

In light of the deferential standard afforded to state courts under the AEDPA, the trial court's decision to permit Mr. Cottrell to offer opinion evidence concerning the behavioral tendencies of child sex abuse victims was not contrary to clearly established federal law, so as to entitle petitioner to habeas relief. *See e.g. Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002). Because petitioner cannot demonstrate that the admission of the statistical evidence

violated his federal constitutional rights or rendered his trial fundamentally unfair, he is not entitled to relief. *See Welch v. Winn*, No. 15-CV-12553, 2016 WL 4205994, p. 6 (E.D. Mich. Aug. 10, 2016), *appeal dismissed sub nom. Welch v. Burton*, No. 17-1369, 2017 WL 4404630 (6th Cir. May 11, 2017). Petitioner is not entitled to habeas relief on his third claim.

## D. Claim # 4. The Fourth Amendment claim.

Petitioner next claims that the trial court lacked jurisdiction over his case because the arrest warrant was invalid.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d

867 (6th Cir. 2010). Under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). Furthermore, "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3rd Cir. 1986)).

Petitioner presented his Fourth Amendment claim in his post-conviction motion for relief from judgment before the trial court and the Michigan appellate courts. *See People v. Streets,* No. 11-08035-FC, 11-08254-FC, p. 4 (Kent. Cty. Cir. Ct., Aug. 21, 2014)(ECF No. 9-20 at 4). Petitioner was able to raise his Fourth Amendment claim in his post-conviction motion and is thus not entitled to habeas relief. *See Hurick v. Woods*, 672 F. App'x 520, 535 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 96 (2017).

In any event, any defects in the warrant would not deprive the trial court of jurisdiction. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980)(citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *see also Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S.

436 (1886). The Supreme Court has held that "[T]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Although the exclusionary rule prohibits the introduction at trial of evidence that was seized in violation of the constitution, a criminal defendant "is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." *United States v. Crews*, 445 U.S. at 474. Petitioner does not identify any evidence other than his own body that was seized during this allegedly unlawful arrest. Petitioner is not entitled to relief on his fourth claim.

**E. Claims # 5 and # 8. The claims involving the state court's deficient adjudication of petitioner's post-conviction motion.**

In his fifth and eighth claims, petitioner contends that the trial court erred in applying M.C.R. 6.508(D)(3) to deny his post-conviction motion for relief from judgment because petitioner had established his actual innocence to overcome the procedural bar to post-conviction relief.

Petitioner's claim that the Michigan courts wrongfully denied him post-conviction relief is non-cognizable. This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001). The rationale behind this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)).

To the extent that petitioner is arguing that he is entitled to habeas relief because he is actually innocent, he would not be entitled to habeas relief. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id.*, *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence

17

are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer*, 484 F.3d at 854-55 (collecting cases).

Petitioner in his reply brief for the first time argues that he is actually innocent because there was insufficient evidence to convict him of first-degree criminal sexual conduct, because there was no evidence that petitioner engaged in vaginal-penile penetration with the victim. (ECF 10, Pg ID 757).

A reply to an answer to a petition for a writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d at 724. "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." *Id.* Because this claim is being presented for the first time in petitioner's reply brief, rather than in his habeas petition, the claim is not properly before this Court. *See Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009); *see also Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005).

In any event, petitioner's claim is meritless. The victim testified that petitioner placed his penis into her vagina. The victim also testified that petitioner placed his penis in her mouth. (Tr. 2/15/12, pp. 30, 36-40).

Under Michigan law, a person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration of another person and the other person is under 13 years of age. *See Greenwell v. Elo,* 77 F. App'x 790, 792 (6th Cir. 2003)(citing M.C.L.A. § 750.520b(1)(a)). Sexual penetration, as defined in Michigan for purposes of first-degree criminal sexual conduct, is any intrusion, however slight, of any part of a person's body or any object into the genital or anal openings of another person's body. *See People v. Hammons,* 210 Mich. App. 554, 557, 534 N.W.2d 183 (1995); *see also Bower v. Curtis,* 118 F. App'x 901, 905 (6th Cir. 2004). Under Michigan law, sexual penetration includes sexual intercourse or fellatio. *See People v. Pottruff*, 116 Mich. App. 367, 374, 323 N.W.2d 402 (1982). The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. *See United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000)(citing *Gilbert v. Parke*, 763 F.2d 821, 826 (6th Cir. 1985)). The victim's testimony that petitioner sexually penetrated her both vaginally and orally and that she was twelve years old at the time of the assaults was sufficient to sustain petitioner's first-degree criminal sexual conduct conviction. *See O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007). Petitioner is not entitled to relief on his fifth and eighth claims.

**F. Claim # 6.  The prosecutorial misconduct claim.**

Petitioner contends that the prosecutor committed misconduct by using false statements to obtain the arrest warrant, by failing to bring petitioner's case to trial within 180 days of learning that petitioner was already in prison on another offense, and by introducing prior bad acts evidence and unscientific statistical evidence against petitioner.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).  In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(quoting *Harrington*, 562 U.S. at 103).

Petitioner's claim that the prosecutor used false evidence to obtain the arrest warrant is barred by *Stone v. Powell, supra. See e.g. Brown v. Berghuis,* 638 F. Supp. 2d at 811.  Petitioner's claim that the prosecutor used false evidence to obtain the arrest warrant also does not entitle him to relief because as mentioned when discussing petitioner's fourth claim, *supra,* there was no evidence obtained

from the allegedly defective warrant that was used at petitioner's trial to secure petitioner's conviction. *See Mattox v. Davis*, 549 F. Supp. 2d 877, 938 (W.D. Mich. 2008).

Petitioner has also not shown that the prosecutor violated Michigan's 180 day rule. Under Michigan law, the prosecutor was required only to commence action on petitioner's case within 180 days of receiving notice of his incarceration, but was not required to bring petitioner to trial in that time. M.C.L.A. § 780.133. The prosecutor received notice from the Department of Corrections on July 29, 2011, that petitioner was incarcerated. (Tr. 2/13/12, p. 6). Petitioner's preliminary examination was held in August of 2011. (Tr. 8/18/11; Tr. 8/23/11). The prosecutor commenced action well within 180 days of receiving notice of petitioner's incarceration in compliance with the rule.

Finally, petitioner complains that the prosecutor committed misconduct by the admission of certain evidence that he contends was inadmissible. Although petitioner frames the admission of this evidence as a prosecutorial-misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F.3d 383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v.*

*McKee*, 526 F.3d 888, 900 (6th Cir. 2008). Furthermore, it is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. at 67-68. Because the trial and appellate courts reasonably concluded that this evidence was admissible, petitioner is not entitled to relief on his sixth claim.

### G. Claim # 7. The ineffective assistance of counsel claim.

Petitioner claims that he was denied the effective assistance of counsel.

A defendant is required to satisfy a two prong test to establish the denial of the effective assistance of counsel. First, the defendant must show that counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior was within the wide range of reasonable professional assistance. *Id*. Stated differently, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland,* 466 U.S. at 694. *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a

habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner's primary claim is that trial counsel was ineffective for failing to challenge the legality of the arrest warrant.

Petitioner does not identify any evidence other than his own body that was seized during this allegedly unlawful arrest. Thus, the mere fact that the arrest warrant may have been defective would not prevent him from being prosecuted and convicted of this offense. Failing to file a frivolous motion to dismiss does not constitute ineffective assistance of counsel. *See Goldsby v. U.S.,* 152 F. App'x 431, 438 (6th Cir. 2005). Because a challenge to the legality of petitioner's arrest would not have resulted in his release from custody, counsel was not ineffective for failing to file a motion to dismiss on this basis. *See Friday v. Pitcher,* 200 F. Supp. 2d 725, 738-39 (E.D. Mich. 2002).

In his reply brief, petitioner for the first time argues that trial counsel was ineffective for failing to conduct any pre-trial investigation, for failing to interview the state's witnesses, for failing to interview potential defense witnesses,

and for failing to conduct an independent investigation of the prosecutor's case. (ECF 10, Pg ID 754).

As mentioned when discussing petitioner's fifth and eighth claims, *supra*, a reply to an answer to a petition for a writ of habeas corpus is not the proper place to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d at 724. These claims are being presented for the first time in petitioner's reply brief, rather than in his habeas petition and are thus not properly before this Court. *See Murphy v. Ohio*, 551 F.3d at 502.

Moreover, petitioner's new ineffective assistance of trial counsel claims are conclusory and thus do not entitle him to relief. *See e.g. Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief).

Petitioner's main argument appears to be that trial counsel was ineffective for failing to investigate and develop an alibi defense by obtaining and presenting GPS tracking data from his ankle monitor during the relevant period that the sexual assaults took place. Petitioner alleges that the GPS data would prove that he was not at the locations on the dates on which the charged acts occurred. Petitioner also claims that surveillance cameras from the areas where the sexual assaults took place would establish that they did not take place on the dates that

25

the victim testified they occurred. Petitioner further claims that trial counsel should have obtained the victim's school records to show that the victim was in school on the dates that the assaults took place, and should have called Tanita Streets as an alibi witness. (ECF 10, Pg ID 754-55, 811-12).

The trial court rejected these issues in ruling on petitioner's motion for relief from judgment, stating in pertinent part:

> Turning first to trial counsel's alleged failure to conduct a thorough investigation to develop alibis, the Information filed September 2, 2011 stated only that the charged acts occurred sometime between December 29, 2010 and May 4, 2011. The victim's trial testimony established that multiple incidents occurred at "Donna's house" and one took place in the Duthler Foods parking lot, but did not identify either the specific dates or time of day on which the claimed sexual assaults occurred. [Trial Tr, Vol II, pp 24-32]. "Time is not of the essence, nor is it a material element, in criminal sexual conduct cases involving a child victim." *People v Dobek*, 274 Mich App 58, 83; 732 NW2d 546 (2007). The jury was correctly instructed that the elements of first degree criminal sexual conduct at issue required a determination that the defendant engaged in a sexual act that involved penetration with the victim between December 29, 2010 and May 4, 2011 and that the victim was under 13 years of age when the act occurred. None of the possible alibis suggested by defendant would have covered the entire identified period; accordingly, attempting to develop an alibi would have been pointless.

*People v. Streets,* No. 11-08035-FC, 11-08254-FC, p. 3 (Kent. Cty. Cir. Ct., Aug. 21, 2014)(ECF No. 9-20 at 3).

A defense counsel has no obligation to present evidence or testimony that

26

would not have exculpated the defendant. *See Millender v. Adams*, 376 F.3d at 527 (internal quotation omitted). Therefore, the failure to present a proposed alibi witness who would not lead to a defendant's acquittal does not amount to the ineffective assistance of counsel. *Id.* Petitioner also failed to provide an affidavit from Tanita Streets as to her proposed testimony, nor has he done so for any other witnesses. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F.3d 551, 557 (6th Cir. 2007). Because there was a window of opportunity for petitioner to have committed these crimes, petitioner was not prejudiced by counsel's failure to raise an alibi defense. *See e.g. Fargo v. Phillips,* 58 F. App'x 603, 607-08 (6th Cir. 2003). Moreover, because none of this proposed evidence would have provided an "air-tight" alibi defense, counsel was not ineffective for failing to present this evidence at trial. *See Moore v. Parker*, 425 F.3d 250, 253-54 (6th Cir. 2005).

Finally, petitioner alleges that trial counsel was ineffective by failing to meet with him in jail prior to trial. Petitioner is not entitled to relief because he failed to show how this prejudiced his case. *See Bowling v. Parker,* 344 F.3d at 506.

Petitioner argues that appellate counsel was ineffective for failing to raise several of his claims on his appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). This Court has already determined that petitioner's underlying claims are without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d at 676). Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in his handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court DENIES WITH PREJUDICE the petition for a writ

of habeas corpus. The Court further DENIES a certificate of appealability and

and leave to appeal *in forma pauperis*.

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2018


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 19, 2018.


s/Deborah Tofil
Case Manager