UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY STREETS,

No. 2:16-12889

      Petitioner,

Paul D. Borman

v.

United States District Judge

GEORGE STEPHENSON,

      Respondent.

_____/

OPINION AND ORDER DENYING THE
MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 21)

Before the Court is petitioner's Rule 60(b) motion for relief from judgment, in which he seeks an extension of time to file an appeal. (ECF No. 21.) For the reasons that follow, the motion is DENIED.

On September 19, 2018, this Court denied the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and declined to issue a certificate of appealability or leave to appeal *in forma pauperis*. *Streets v. Chapman,* No. 2:16-12889, 2018 WL 4492254 (E.D. Mich. Sept. 19, 2018).

The United States Court of Appeals for the Sixth Circuit dismissed petitioner's Notice of Appeal as being untimely filed. *Streets v. Chapman*, No. 18-2362, 2019 WL 2298736 (6th Cir. Feb. 27, 2019), *reh'g denied* (6th Cir. Apr. 3, 2019).

1

Petitioner has now filed a Rule 60(b) motion for relief from judgment, in which he asks this Court to reissue the judgment so that he can file a timely Notice of Appeal. (ECF No. 21.) Petitioner seeks an extension of time to appeal on the ground that he had filed a Notice of Appeal within the time period for doing so, but that the Notice of Appeal was returned to him because petitioner failed to put the entire address for the Sixth Circuit on the envelope containing the Notice of Appeal. Petitioner re-filed a Notice of Appeal with a properly addressed envelope, but it was received by the Sixth Circuit beyond the 30 day period to file a Notice of Appeal and was thus rejected as untimely. Petitioner argues that he is entitled to reissuance of the judgment based on his excusable neglect as a *pro se* litigant in failing to properly address the envelope for the initial Notice of Appeal, coupled with the failure by prison mailroom authorities to inspect and verify that petitioner's legal mail was properly addressed to the Sixth Circuit. Petitioner in his Rule 60(b) motion for relief from judgment asks this Court to extend the time for him to file a Notice of Appeal.

This Court is without power to grant petitioner an extension of time to appeal because the Sixth Circuit has already determined that his Notice of Appeal was untimely filed. Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 905 n.5

2

(6th Cir. 1996). The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F.2d 1038, 1039 (6th Cir. 1984). Because petitioner's motion for an extension of time to file an appeal was filed with this Court after the Sixth Circuit dismissed his appeal as untimely, that prior determination is binding under the law of the case doctrine and cannot not be revisited here. *Gibbs v. Thaler*, 459 F. App'x 336, 337 (5th Cir. 2012).

Moreover, petitioner is not entitled to equitable relief which would allow this Court to grant petitioner's Rule 60(b) motion for relief from judgment and extend the time to file an appeal. When petitioner filed his initial untimely appeal, the Sixth Circuit issued a show cause order on November 28, 2019 for petitioner to explain why his appeal should not be dismissed as untimely. *Streets v. Chapman*, 2019 WL 2298736, at *1. Petitioner never responded to the Sixth Circuit's show cause order. *Id.* Petitioner was given an opportunity to bring to the Sixth Circuit's attention the equitable arguments that petitioner now raises for the first time in his motion for relief from judgment. Petitioner offers this Court no reason why he did not respond to the Sixth Circuit's show cause order to bring his arguments for an extension of time to appeal to that court's attention. *Contra Tanner v. Yukins*, 776 F.3d 434, 437–38 (6th Cir. 2015) (granting petitioner's Rule 60(b) motion for an extension of time to appeal when the petitioner had previously responded to the Sixth Circuit's show cause order).

IT IS HEREBY ORDERED that the Motion for Relief From Judgment (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: August 31, 2020                    s/Paul D. Borman
                                          Paul D. Borman
                                          United States District Judge